UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
RAVI KALIA, :
:
                              Plaintiff, :              19-CV-6242 (JMF)
:
            -v- :              ORDER
:
CITY UNIVERSITY OF NEW YORK et al., :
:
                             Defendants. :
:
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Defendants have moved to dismiss Plaintiff's Title VII claims as untimely. Upon review of the parties' submissions, the Court believes that the parties' dispute may turn in part on when President Boudreau communicated to Plaintiff that he had been denied a distinguished professorship. *See, e.g.*, *Delaware State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) (holding, with respect to a professor's claim that he was denied tenure on a discriminatory basis, that "the only alleged discrimination occurred — and the filing limitations periods therefore commenced — at the time the tenure decision was made and communicated to [the professor]"). Although the Amended Complaint appears to be silent on that issue, *but see* Am. Compl. ¶ 135 (alleging that, in October 2017, President Boudreau asserted to a third party that he was "unable to act on" Plaintiff's case for a distinguished professorship), Defendants' submission to the EEOC contains an email from President Boudreau to Plaintiff, dated August 3, 2017, stating that Plaintiff's application "did not progress" beyond the ad hoc committee and that he (President Boudreau) would not take any further action on the case. *See* ECF No. 34-3, at 15.

In light of the foregoing, no later than **July 17, 2020**, the parties shall submit supplemental briefs, not to exceed ten pages each, addressing the following:

(1) Whether and to what extent the Court may consider the August 3, 2017 email in deciding Defendants' motion to dismiss; and

(2) Assuming that the Court may not consider the email (or, at least, consider the email for its truth) in deciding the motion to dismiss, whether the Court should treat the portion of Defendants' motion to which the email relates as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 12(d).

Given that the Court may decide to treat the relevant portion of Defendants' motion as a motion for summary judgment, the parties shall, by the **same date**, file any materials that they believe are "pertinent to the motion," *id.*, including but not limited to any additional evidence, affidavits, or declarations, *see* Fed. R. Civ. P. 56(c), (d).  The parties need not submit the statements of material facts pursuant to S.D.N.Y. Local Rule 56.1.

SO ORDERED.

Dated: July 7, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge

2